**FILED IN OPEN COURT**
U.S.D.C. Atlanta

MAR 1 6 2010

By: _____
Deputy Clerk

# ORIGINAL

## GUILTY PLEA and PLEA AGREEMENT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRIMINAL CASE NO. **1:08-CR-498-CC**

**JEFFREY ALAN WASLEY,** Defendant, having received a copy of the above-numbered indictment and having been arraigned, hereby pleads GUILTY to Count One thereof.  Pursuant to the Defendant's plea of guilty under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States Attorney for the Northern District of Georgia and the Defendant enter into a plea agreement as set forth below in Part IV of this document.

### I. ADMISSION OF GUILT

1. The Defendant admits that he is pleading guilty because he is in fact guilty of the crime charged in Count One of the indictment, namely that he produced child pornography.

### II. ACKNOWLEDGMENT AND WAIVER OF TRIAL RIGHTS

2. The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury.  At trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of any pre-trial proceedings.  During trial, the Defendant would be presumed innocent; the Government would have the burden of proving him guilty beyond a reasonable doubt.  The Defendant would have the right to cross-examine any witnesses called to testify against him.  If the Defendant wished, he could present evidence in his defense and could compel, via subpoena, witnesses to testify

on his behalf.  The Defendant could also elect to testify.  If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself.  If the Defendant were found guilty after a trial, he would have the right to appeal his conviction.

3.  The Defendant understands that, by pleading guilty, he is giving up all of these rights and that there will not be a trial of any kind.  By pleading guilty, the Defendant also gives up all rights to pursue any affirmative defenses, Fourth and Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

4.  Finally, the Defendant understands that, for the Court to accept his guilty plea, he may have to answer, under oath, questions posed to him by the Court concerning the rights he is giving up and the facts of his case.  The Defendant acknowledges that his answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III.  ACKNOWLEDGMENT OF PENALTIES

5.  The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

(a)    Maximum term of imprisonment: 30 years.

(b)    Mandatory minimum term of imprisonment: 15 years.

(c)    Term of supervised release: five years to life.

(d)    Maximum fine:  $250,000.

(e)    Full restitution to all victims of the offense(s) and relevant conduct.

(f)    Mandatory special assessment:  $100.

(g)    Forfeiture of any and all proceeds from the commission of the offense and any and all property used to facilitate the offense.

2

The Defendant understands that, before imposing sentence in this case, the Court shall consider, among other factors, the provisions of the United States Sentencing Guidelines and that the Court has the discretion to depart or vary from those Guidelines. However, if the Court departs from the terms of this Agreement in any material respect, the Defendant may withdraw his plea of guilty and proceed to trial.

## IV. PLEA AGREEMENT

6. The Defendant, his counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, have reached a negotiated plea in this case, the terms of which are set forth in the subsequent paragraphs of this document for the Court's consideration and approval.

7. This is a binding plea agreement being tendered pursuant to Fed. R. Crim. P. Rule 11(c)(1)(C). The Defendant understands that the Court may defer acceptance of this Agreement until after it has reviewed the Pre-Sentence Report (PSR) concerning the Defendant. Fed. R. Crim. P. 11(c)(3). However, if the Court, upon consideration of the PSR, decides to reject this Agreement, the Defendant may withdraw his guilty plea. Fed. R. Crim. P. 11(c)(5)(b).

### A. Factual Basis

8. The Defendant acknowledges that the Government could prove by admissible evidence and beyond a reasonable doubt the following facts:

(a) Defendant used one or more minors to engage in sexually explicit conduct;

(b) Defendant did so for the purpose of producing visual depictions of said sexually explicit conduct; and

(c) Defendant produced the visual depictions using equipment that had moved in interstate or foreign commerce.

**B. Sentencing Recommendations**

8. The parties agree that the Defendant should be sentenced to a term of 240 months in custody, to be followed by a lifetime term of supervised release, to include a provision of no unsupervised contact with minors. Given the Defendant's financial situation and expected extended term of incarceration, the parties further agree that a fine is not appropriate.

**C. Dismissal of Counts**

9. The Government agrees that, upon the entry of the Judgment and Commitment Order, all remaining counts in the above-styled case shall be dismissed pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying any dismissed counts in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

**D. Forfeiture**

10. The Defendant agrees to forfeit, waive and abandon all right, claim, and interest in any of the property seized by law enforcement in this case, and further agrees that the United States Secret Service and/or any law enforcement agency may use, sell, destroy or otherwise dispose of such property as said agencies see fit.

**E. Restitution**

11. The Defendant agrees to pay full restitution to all victims of the offense to which he is pleading guilty as well as all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement. The Defendant understands that the amount of restitution owed to any victims will be determined at or before sentencing. The Defendant also agrees to cooperate fully in the investigation of the amount of restitution and identification of victims.

4

**F. Additional Waivers**

12. <u>Appeals</u>. To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or variance from the otherwise applicable sentencing guideline range. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government does appeal, the Defendant may file a cross-appeal.

13. <u>FOIA/Privacy Act</u>. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

14. <u>DNA</u>. The parties agree that no biological evidence (as defined in Title 18, United States Code, Section 3600A) has been identified in this case; therefore, the Defendant agrees that no evidence will be preserved for DNA testing.

**G. Cooperation**

15. The Defendant agrees to cooperate truthfully and completely with the Government, including being debriefed, producing records in his custody or control, and providing truthful testimony at any proceeding resulting from or related to his cooperation. The Defendant understands that the Government alone will determine what forms of cooperation to request from the Defendant, and the Defendant agrees not to engage in any investigation not specifically authorized by the Government.

16. The Defendant and his counsel agree that Government attorneys and law enforcement agents may contact the Defendant without notifying and outside the presence of Defendant's counsel for purposes relevant to the Defendant's cooperation.

17. Pursuant to Section 1B1.8 of the Sentencing Guidelines, the Government agrees that any self-incriminating information that was previously unknown to the Government and is provided to the Government by the Defendant in connection with the Defendant's cooperation and as a result of this Agreement will not be used to bring additional charges against the Defendant, with the exception of charges resulting from or related to violent criminal activity. However, if the Government determines that the Defendant has not been completely truthful and candid with the Government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and any other appropriate charges, and all information the Defendant has provided may be used against him in such a prosecution.

18. The Defendant understands that any and all consideration for the cooperation he may provide is reflected in the recommended term of 240 months' incarceration.

## F. Miscellaneous Provisions

19. The parties reserve the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the parties reserve the right to make recommendations regarding application of the Sentencing Guidelines.

20. The Defendant understands and agrees that the Government's recommendations incorporated within this Agreement or otherwise discussed

between the parties are not binding on the Court until the Court has determined whether it accepts the proposed sentencing terms. If the Court does not accept those terms, the Defendant may withdraw his guilty plea. The Defendant further understands and agrees that both parties may make additional recommendations, not set forth in this Agreement, so long as they are consistent with the terms of this Agreement.

21. There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In open court this 16th day of March, 2010.

_____
SIGNATURE (Attorney for Defendant)
**Jeffrey Ertel**

_____
SIGNATURE (Defendant)
**Jeffrey Alan Wasley**

_____
SIGNATURE (Assistant U.S. Attorney)
**Robert C. McBurney**

_____
SIGNATURE (Criminal Chief)
**F. Gentry Shelnutt**

3-1-10
DATE

7

## CERTIFICATION OF DEFENDANT AND COUNSEL

I have read the indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____          3/16/10
SIGNATURE (Defendant)                     DATE

I am JEFFREY ALAN WASLEY's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____          3/16/10
SIGNATURE (Defense Attorney)              DATE

8

INFORMATION BELOW MUST BE TYPED OR PRINTED

Jeffrey Ertel_____
NAME (Attorney for Defendant)

Jeffrey Alan Wasley_____
NAME (Defendant)


_____
STREET

_IN CUSTODY_____
STREET


_____
CITY & STATE   ZIP CODE

_____
CITY & STATE    ZIP CODE

PHONE NUMBER _____

PHONE NUMBER _____

STATE BAR OF GEORGIA NUMBER _____

Filed in Open Court


_____


By _____

9